■ BARBARA TOCKER et al., Appellants, v CITY OF NEW YORK et al., Respondents. [802 NYS2d 147]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered May 27, 2004, which denied plaintiffs' motion to restore the action to the trial calendar and granted defendants' cross motion to enforce a settlement agreement, unanimously reversed, on the law, without costs, plaintiffs' motion granted and defendants' cross motion denied.

Indisputably, plaintiffs' acceptance of the settlement offer was communicated by their counsel to defendants' counsel in a telephone call. Accordingly, the agreement to settle the action was not "one made between counsel in open court" (CPLR 2104), and thus is not enforceable (*Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 4-5, 8-11 [1972]). The requirement that a settlement agreement be made in "open court" does more than advance the goal of eliminating disputes about the critical terms of the agreement. In addition, it serves a cautionary function by tending to ensure that acceptance is considered and deliberate (*id.* at 10 ["the formality, publicity, and solemnity of an open court proceeding marked it as different from the preliminary atmosphere attached to informal conferences elsewhere"]). Whatever indeterminacy there may be in the term "open court," that term cannot be construed to include a telephone call between counsel. Moreover, to recognize a telephone call between counsel as an "open court" proceeding would invite disputes about what was said and "would constitute but a precursor to renewed litigation" (*id.* at 11). Concur—Mazzarelli, J.P., Andrias, Ellerin, Gonzalez and McGuire, JJ.